## STATE et al. v. TEXAS PAC. COAL & OIL CO. et al. (No. 6416.)

(Court of Civil Appeals of Texas. Austin. April 12, 1922. Rehearing Denied May 10, 1922.)

**Appeal and error ⬅1010(1)—Findings justified by evidence binding on appeal.**

Where in a boundary suit there was ample testimony to justify the findings and conclusions of the trial court, its findings and conclusions are binding on appeal.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit for title and possession by the State of Texas and others against the Texas Pacific Coal & Oil Company and others. From judgment for defendants, plaintiffs appeal. Affirmed.

C. L. Black and G. B. Smedley, both of Austin, for appellant Townsend.

Vinson, Elkins & Wood, of Houston, W. J. Oxford, of Stephenville, John Hancock, of Fort Worth, S. M. Davis, of Ardmore, Okl., L. R. Pearson, and Levy & Evans, all of Ranger, and Brooks, Hart & Woodward, of Austin, for appellees.

BRADY, J. This is a boundary suit. The land in controversy is a tract of 77.6 acres lying between the John P. Rohus survey and survey No. 2, B. B. B. & C. R. R. Co., in Eastland county. The principal controversy is over the correct location of the west line of the B. B. B. & C. survey, and whether this line coincides with the east line of the Rohus, which is a senior survey, or whether the west line of the B. B. B. & C. survey is 154 varas farther east than the east line of the Rohus.

The land in dispute was regarded by the state as vacant land belonging to the school fund, and lying between the two surveys above referred to. A survey was made, with field notes approved by the Commissioner of the Land Office, and a permit to prospect for oil and gas was issued by the Commissioner on February 24, 1919. The permit was assigned to B. D. Townsend, the original owners retaining a small royalty interest; and this suit was filed by the state, joined by Townsend and the original owners of the permit.

The case was tried without a jury. The court found that there was no vacancy, and that the land sued for was a part of the B. B. B. & C. survey, rendering judgment for the defendants.

The trial court filed findings of fact, but it is not thought necessary to set out these findings in full, nor the evidence upon which they were based. We will state only the material findings that support the judgment.

The John P. Rohus survey was made in 1857. The call for its south line calls at the S. E. corner for two post oak bearing trees, describing course and distance from the corner. The B. B. B. & C. survey was made in 1880, and the southeast corner of the Rohus was at that time well established and located at the point contended for by appellees. At that time one of the Rohus bearing trees at that point was standing, and thence a plainly marked line ran north. The surveyor of the B. B. B. & C. survey began his survey at that point, making the S. E. corner of the Rohus and the S. W. corner of his survey identical, marking two new bearing trees for the new survey. The bearing tree referred to as standing in 1880 continued to stand and show its original bearing marks until some time after the year 1892, when J. B. Richardson purchased a tract of 80 acres out of the S. E. corner of the Rohus survey. One of the new bearing trees for the S. W. corner of the B. B. B. & C. survey was still standing in 1911, but has been cut down, and the stump of the tree is still in the ground, at the proper course and distance from the accepted S. E. corner of the Rohus, at a point designated on the map introduced by the plaintiffs. This point has been the recognized S. E. corner of the Rohus and the recognized S. W. corner of the B. B. B. & C. survey ever since the latter

was made. The N. W. corner of the B. B. B. & C. survey is at the intersection of a line extended west from its N. E. corner with a line running north from the S. E. corner of the Rohus.

The defendants agreed to the identity and location of the corners of certain surveys lying to the east of the B. B. B. & C. survey, and which were called for in its field notes as shown on a map introduced by plaintiffs. The call for the plaintiff's line in the B. B. B. & C. survey, according to its original field notes and in a survey made for the state, shows the south line to be 1,000 varas long, but, when such line is extended as far west as the east line of the Rohus, its length is excessive about 154 varas. The true S. W. corner of the B. B. B. & C. survey is identical with the S. E. corner of the Rohus, as found by the trial court.

[1] The appellant B. D. Townsend complains that the material findings of the trial court and judgment are contrary to the overwhelming weight of the evidence, upon the theory that the evidence shows that the surveyor of the B. B. B. & C. survey did not find nor identify the S. E. corner of the Rohus, but that he began his survey at well-known and identified lines and corners of surveys on the east, and made its south line only 1,000 varas in length, and that the call in the field notes for its S. W. corner to be at the S. E. corner of the Rohus was made by mistake and conjecture, and also that his statement in the field notes that an old bearing tree was standing at its S. W. corner was made by mistake and conjecture.

While there are assignments complaining of the failure of the trial court to make certain findings, the correctness of the proposition just stated is the controlling question in the case. It is claimed that the trial court accepted as controlling the uncertain and indefinite calls for the S. E. corner of the Rohus, disregarding the more certain and definite standard of course and distance from known corners, giving an inexcusable excess to the survey, and that this court should reverse and render the judgment, holding that course and distance should control.

We have given very careful consideration to the evidence and facts in the record. It must be conceded that the plaintiffs introduced considerable evidence circumstantially tending to show that the calls and recital in the field notes of the B. B. B. & C. survey for the S. W. corner of that survey, and with relation to the S. E. corner of the Rohus and its bearing tree, were made by mistake. Nevertheless there was strong testimony tending to support the contention of the defendants, and tending to identify the S. W. corner of the survey in controversy at what is the S. E. corner of the Rohus, which is not in dis-

pute. In addition to the tesimony of surveyors tending to this conclusion, there is the testimony of J. B. Richardson, who purchased, in 1892, 80 acres of land out of the extreme S. E. corner of the John P. Rohus survey, and built his home on this tract very close to the S. E. corner of that survey, where he continued to live from 1893 until 1911. He accompanied the surveyor Boone, who surveyed the tract for him; this surveyor being a witness for the plaintiffs on the trial. His testimony is in straight contradiction to that of the surveyor, and very strongly supports the contention of defendants. This witness also later bought 320 acres on the west side of the B. B. B. & C. survey, and the same surveyor made the survey. This was about the year 1904, and his testimony in this relation also is very favorable to defendants. It is claimed for appellants, however, that the testimony of this witness was shown to be of such a character as to render his testimony unworthy of belief.

[2] We have carefully considered the impeaching testimony relied upon, but do not find it so conclusive as to authorize us to conclude that the trial court was not justified in accepting his testimony. It is supported by the testimony of surveyors, and we are forced to the conclusion that there was ample testimony to justify the material findings and conclusions of the trial court: therefore they are binding upon us, and will not be set aside.

The facts being sufficient to support the judgment of the trial court, and no reversible error having been shown, the judgment is affirmed.

Affirmed.